## HANNAH ABRAHAM AND HENRY ABRAHAM, APPELLANTS, v. WILSON & COMPANY ET AL., RESPONDENTS.

Argued October 21, 1938—Decided January 13, 1939.

For the appellants, *Harry Green.*

For the respondents, *Colie & Schenck (Frederic R. Colie,* of counsel).

The opinion of the court was delivered by

PARKER, J. This is plaintiff's appeal from an adverse judgment in an accident case. The suit arose out of a collision in which a motor truck driven by an employe of the defendants and an automobile driven by the plaintiff Henry Abraham were involved. The female plaintiff was a passenger in the automobile. The grounds of appeal are all somewhat

technical in character, and we are of the opinion that there is no substantial merit in any of them, except the third. However, it seems advisable to notice them all.

The first ground of appeal reads as follows:

"The trial court erred in refusing to permit a question of the jurors as to whether they were represented by counsel in this action or were clients of such counsel."

A sufficient answer to this is, that the alleged question nowhere appears in the record. All that we have is an exception substantially in the language of the ground of appeal, but there is nothing either in the stenographer's transcript or certified by the court under the old practice (*Kargman* v. *Carlo*, 85 *N. J. L.* 632, 635, 636; *Lowenstein* v. *Lohman*, 109 *Id.* 215), to show any judicial action whatever.

The second ground of appeal is that the trial court erred in overruling the question to the witness Hannah Abraham: "When you saw the truck loom up in front of your car was anything said by you?"

An examination of the transcript shows that this question was answered as follows: "*A.* I said, 'look out for the truck.'" After the question was answered, counsel for the defense objected, the objection was sustained and plaintiff noted an exception. However, the answer was not struck out and there was no application to have it struck out, and it would seem that consequently it remained before the jury. This makes it unnecessary to consider the question whether, on the merits, the ruling that the question was improper was a correct ruling. It follows that no harmful error is shown.

The fourth point, which we take up out of its numerical order, is that the trial court erred in charging the jury as requested by the defendants that "while you are not to decide the case upon the number of witnesses upon one side or the other, yet where the witnesses have all the same chances for observation and are believed to be of equal credibility, then the number of witnesses on each side can be considered by you in arriving at a verdict."

We think there was no error in this instruction. It will be observed that it is strictly limited in its application to a

situation where the witnesses have all the same chances for observation and are believed to be of equal credibility. Moreover, it does not instruct the jury that they should find a verdict even in such case according to the larger number of witnesses, nor even that they ought to consider the number of witnesses on each side, but merely that they were at liberty so to consider that number. In the case of *Waskiewicz* v. *Public Service Railway Corp.,* 80 *N. J. L.* 694, in the Supreme Court, it was held that a refusal to charge such a request was error. The industry of counsel does not seem to have discovered any other decision precisely on the point in this state, and we know of none. The cited case refers back to the earlier case of *Bowell* v. *Public Service Railroad,* 77 *Id.* 231, where the same court was dealing with a rule to show cause based on weight of evidence, and which court refused to set aside the verdict because the number of witnesses for the defendant predominated on the issue formulated, without more. The court remarked (at *p.* 232) : "The weight of the testimony and the credibility of the witnesses, are the determining factors for the consideration of the jury; and into this consideration the number of witnesses, *pro* and *con,* properly enters in the determination of the issue." In the present case the court charged a request reading as follows:

"7. The credibility to be given to the witnesses in a case is exclusively the province of the jury. In determining the relative credibility of witnesses, you may take into consideration the demeanor of the witness on the stand, his or her apparent degree of intelligence as evidence in the giving of testimony, and his or her interest or lack of interest in the outcome of the litigation." Taking the charge as a whole, we see no error in the instruction complained of.

However, we are of opinion that the judgment must be reversed because of the following instruction to the jury, which was duly excepted to and is argued under the third point:

"8. If you find that any witness in this cause has testified falsely on any material point involved in this case, then you are entitled to disregard all of the testimony of that witness,

on the theory that if such witness has testified falsely in part, he or she may have testified falsely in all."

The difficulty with this charge is the obvious ambiguity in the meaning of the word "falsely." While there is some conflict in the cases, we think that the particular language quoted includes any case where a witness has given testimony contrary to the facts, even though the witness believed his testimony to be true. In *State* v. *Dugan*, 84 *N. J. L.* 603 (at *p.* 606), the trial judge charged that if a witness tell something on the witness stand which the jury believes to be untrue, they may, if they so desire, for that reason reject all his story. The Supreme Court said this was an erroneous statement of the rule, but that it was corrected and its harmfulness cured by the judge, who, later in his charge, confined it to a case where the statement was a willful misstatement. The judgment in that case was affirmed (85 *Id.* 730) on the opinion of the Supreme Court.

In *State* v. *Samuels*, 92 *N. J. L.* 131, the Supreme Court reversed the conviction because of an instruction to the jury that "if you believe that any witness has made a false statement with respect to any material fact bearing on the issue involved in this case, you may disregard all of the testimony of such witness or you may disregard such portion of the testimony as you believe to be untrue and accept as truthful that which remains;" and added "this was clearly an erroneous and harmful declaration of the rule," citing State *v.* Dugan. So, also, in *Anthony* v. *Public Transit Co.*, 3 *N. J. Mis. R.* 1204 (at *p.* 1206), the Supreme Court made absolute a rule to show cause because of the charge that "if you find that the witness told an untruth in any particular you are, in your judgment, justified in not believing any of such witnesses' testimony," commenting that "this request did not distinguish between an untruth caused by mistake and an untruth willfully told. The request was therefore not legally sound." A very recent case in the Supreme Court to the same effect is *Coleman* v. *Public Service Co-ordinated Transport*, 120 *N. J. L.* 384.

The decisions above cited, some of which have stood unchallenged over a period of years, lay down what we consider to be the correct rule; and we therefore conclude that there was harmful error in the instruction with regard to the witness testifying falsely, and for this error the judgment must be reversed, to the end that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ.  16.